UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DANIEL FEUERBORN, *natural father of Anakin Feuerborn, deceased,* )
)
)
Plaintiff, )
)
vs. ) No. 4:24-CV-486 HEA
)
TOYOTA MOTOR SALES, U.S.A, et al., )
)
)
Defendants. )

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Daniel Feuerborn's Motion to Remand.[1] (ECF No. 12). Defendants Toyota Motor Engineering & Manufacturing North America, Inc., Toyota Motor North America, Inc., Toyota Motor Sales U.S.A., Inc., and George Seeger & Sons, Inc. oppose the motion, which is fully briefed and ripe for review. For the reasons that follow, the Court grants Plaintiff's Motion to remand.

***I. Background***

Plaintiff filed his Petition in the Circuit Court of St. Louis City on February

---

[1] Also before the Court are Defendant George Seeger & Sons, Inc.'s Motion to Dismiss and Motion for Change of Venue, which were filed while the case was pending in state court, (ECF Nos. 26 and 27), and Plaintiff's Motion for Leave to File a First Amended Complaint, (ECF No. 44). The Court declines to address these motions because it finds Plaintiff's Motion to Remand has merit and, therefore, the Court lacks subject matter jurisdiction in this case.

2, 2024, alleging wrongful death claims related to the death of his son, Anakin Feuerborn (the "Decedent"). The Decedent died following a single-vehicle collision that occurred in Coles County, Illinois on July 23, 2022.

According to the state court Petition, at the time of the collision Decedent was operating a 2009 Toyota Scion TC (the "Subject Toyota") and was wearing his seat belt when the car drifted onto the gravel shoulder on the north side of the highway. The Decedent exited the roadway into the ditch on the south side of the road. During the collision, the rear of the Subject Toyota made contact with the ground, and the front seating system failed to contain the Decedent. The Decedent was ejected from the rear of the car. The Petition alleges that "the driver's seatback was noted to be broken flat, and was resting on the back seat, and the driver's seat belt was buckled." (ECF No. 11 at 9 ¶ 18). And "[a]s a result of the defective and unreasonably dangerous condition of the driver seat of the [Subject Toyota], the seatbacks failed and caused the Decedent to suffer severe and exacerbated injuries. As a result of these injuries, Anakin Feuerborn died on July 24, 2022." (*Id.* at ¶ 19).

Plaintiff brings wrongful death claims of negligence and strict liability against Defendants Toyota Motor Sales, U.S.A. Inc., (Counts I and V); Toyota Motor Engineering & Manufacturing North America, (Counts II and VI); Toyota Motor Corporation, (Counts III and VII); Toyota Motor North America, Inc., (Counts IV

and VIII); and George Seeger & Sons, Inc. ("Seeger Toyota"), (Counts IX and X). Plaintiff's claims relate to the condition and defects in the driver's seat of the Subject Toyota.

On March 29, 2024, Defendants Toyota Motor Sales, U.S.A., Inc., Toyota Motor Engineering & Manufacturing North America, Inc., and Toyota Motor North America, Inc. (the "Removing Defendants") removed the cause of action to this Court.[2] In their Notice of Removal, the Removing Defendants allege this Court has original jurisdiction over the dispute pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship among "all properly joined parties" and the amount in controversy exceeds $75,000." (ECF No. 1 at 2). Complete diversity, however, is lacking on the face of the Petition, as Plaintiff and Defendant Seeger Toyota are citizens of the State of Missouri. The Removing Defendants argue, however, that Defendant Seeger Toyota was fraudulently joined to defeat diversity jurisdiction and, therefore, its citizenship should be disregarded.

Plaintiff disputes Defendant Seeger Toyota was fraudulently joined, and he filed a motion to remand, which is presently before the Court. The Motion to

---

[2] Defendants Toyota Motor Corporation and Seeger Toyota did not join in the Notice of Removal. Defendant Toyota Motor Corporation was not yet served at the time of removal, but it has since entered an appearance and filed an answer and a notice of consent to removal. Defendant Seeger Toyota entered an appearance but did not file a notice of consent to removal.

3

Remand asserts complete diversity of citizenship does not exist because Plaintiff and Defendant Seeger Toyota share Missouri citizenship.[3] Plaintiff argues that he has stated valid claims against Defendant Seeger Toyota, and the case should be remanded to state court for lack of subject matter jurisdiction.

## *II. Legal Standard*

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1) there must be complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). "It is settled, of course, that absent complete diversity a case is not removable because the district court would lack original jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 564 (2005) (cited case omitted). Where complete diversity of citizenship does not exist, 28 U.S.C. § 1447(c) requires a district court to remand the case to state court for lack of subject matter jurisdiction.

Fraudulent joinder is an exception to the rule that complete diversity of citizenship must exist both when the state petition is filed and when the petition for removal is filed. *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 976 (8th Cir. 2011). "[A] plaintiff cannot defeat a defendant's 'right of removal' by fraudulently joining

---

[3] There is no dispute that the requisite amount in controversy is met. *See* 28 U.S.C. § 1332(a).

4

a defendant who has 'no real connection with the controversy.'" *Id.* (quoted case omitted). "The purpose of this exception is to strike a balance between the plaintiff's right to select a particular forum and the defendant's right to remove the case to federal court." *Id.* (cited source omitted). Defendants, as the party seeking removal and opposing remand, have the burden of establishing federal subject matter jurisdiction. *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

"Ordinarily, to prove that a plaintiff fraudulently joined a diversity-destroying defendant, [the Eighth Circuit Court of Appeals has] required a defendant seeking removal to prove that the plaintiff's claim against the diversity-destroying defendant has 'no reasonable basis in fact and law.'" *Knudson*, 634 F.3d at 977 (quoting *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003)). Under this standard, "if it is clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." *Filla*, 336 F.3d at 810 (internal quotation marks omitted). Joinder is not fraudulent where "there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." *Id.* at 811.

As the Eighth Circuit explained in *Filla*,

5

> [T]he district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved. In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor. However, in its review of a fraudulent-joinder claim, the court has no responsibility to definitively settle the ambiguous question of state law.

*Id.* at 811 (citations omitted).

In deciding whether joinder is fraudulent, a district court may not step from the threshold jurisdictional issue into a decision on the merits. *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 122 (3d Cir. 1990) (reversing district court's order denying remand); *see also Filla*, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

### III.   Discussion

In his Motion to Remand, Plaintiff asserts that this Court lacks jurisdiction because complete diversity does not exist between the parties.  *See* 28 U.S.C. § 1332.  Specifically, Plaintiff notes that Plaintiff and Defendant Seeger Toyota are both citizens of the State of Missouri.

In response, Defendants assert Defendant Seeger Toyota was fraudulently joined in this action and its citizenship in Missouri should not be considered for purposes of determining whether complete diversity exists.  Defendants contend that Seeger Toyota's only connection with this suit is that it was the dealer that sold

6

the Subject Toyota. Defendants argue Plaintiff's claims against Defendant Seeger Toyota have no reasonable basis in fact and law because Defendant Seeger Toyota is an innocent seller under the Missouri Innocent Seller statute.[4] Mo. Rev. Stat. §537.762.

Plaintiff responds that the Innocent Seller Statute does not apply to Defendant Seeger Toyota, because he has pleaded negligence claims against this Defendant that are not based on its status as a seller in the stream of commerce. In their responses, Defendants acknowledge that Plaintiff is attempting to bring alternative claims against Defendant Seeger Toyota for failure to warn of defects in the Subject Toyota's driver's seat and for failure to exercise reasonable care in servicing the seat but, they argue, Plaintiff's claims have no basis in fact or law.

The Court will first address whether the Innocent Seller statute applies to Defendant Seeger Toyota. Under Missouri law, a plaintiff may bring a products liability claim against a seller situated at the end of the chain of commerce. Mo. Rev. Stat. § 537.760. However, the Innocent Seller statute provides that "[a] defendant whose liability *is based solely* on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762 (emphasis added). Dismissal is appropriate if

---

[4]From the record, it appears tht the parties do not dispute that Missouri law applies in this case.

"the downstream seller can prove that 'another defendant, including the manufacturer,' is in the lawsuit from whom plaintiff can obtain 'total recovery.'" *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 445 (Mo. 2002) (quoting Mo. Rev. Stat. § 537.762).

Defendants argue that Plaintiff's only viable claims against Defendant Seeger Toyota are based on its status as a seller and that there are other defendants in this suit from whom Plaintiff would enable total recovery should he prevail, including the manufacturer of the Subject Toyota. They argue Missouri's Innocent Seller statute applies to Defendant Seeger Toyota, who should be dismissed from this suit, and the Court should not consider its citizenship for purposes of evaluating whether diversity jurisdiction exists in this case.

No one disputes that Plaintiff is bringing strict liability claims against Defendant Seeger Toyota based on the fact that it was the in the stream of commerce and sold the Subject Toyota. But Plaintiff argues that he has brought other state law claims against Defendant Seeger Toyota that are not *based solely* on its status as a seller in the stream of commerce. Plaintiff argues these are viable claims of negligence under Missouri law, and Defendant Seeger Toyota may be found liable. The Court agrees.

In Count IX for negligence, Plaintiff alleges a claim against Defendant Seeger Toyota for negligent service of the Subject Toyota.[5] The Petition alleges, among other things, the following: Defendant Seeger Toyota serviced the Subject Toyota and installed leather trim and heating in the driver's seat; the driver's seat failed during the collision; Defendant Seeger Toyota owed a duty to service the vehicle and its seating system so that it was reasonably safe for its foreseeable and intended operation; and Defendant Seeger Toyota failed to "adequately and properly service, install, and maintain the seating system on the Subject Toyota." (ECF No. 11 at 73, ¶ 179).

In Count IX for negligence against Defendant Seeger Toyota, Plaintiff also alleges that Defendant Seeger Toyota had an independent duty to warn, and it was negligent in its failure to warn Decedent of the Subject Toyota's defective seating system. More specifically, the Petition alleges "the defects and unreasonably dangerous conditions of the Subject Toyota's seating system, were known or should have been know[n] by Defendant Seeger Toyota, including [the] propensity of the seatback to fail, rearward ramp, collapse backward, and cause the head restraint to

---

[5]Negligence claims in Missouri require that the plaintiff show (1) a duty owed by the defendant to the plaintiff, (2) the defendant's breach of that duty, and (3) that the defendant's breach was the actual and proximate cause of the plaintiff's damages. *See Tharp v. St. Luke's Surgicenter-Lee's Summit, LLC*, 587 S.W.3d 647, 654–57 (Mo. 2019).

9

fail, during reasonably foreseeable crashes, or the injuries that causes or exacerbated it." (*Id.* at 73, ¶ 177). And Defendant Seeger Toyota "failed to warn fix, or otherwise mitigate the potential risks to owners and passengers of vehicles to which said seating system would be affixed[.]" (*Id.* at ¶ 178).

After reviewing the Petition, the Court agrees with Plaintiff that he has asserted claims against Defendant Seeger Toyota which are not based solely on its status as a seller, but that Plaintiff has alleged independent claims of negligence and consequently the Missouri Innocent Seller Statute does not apply. *See, e.g. Justice v. Rural King Holdings, LLP*, No. 4:22-CV-50-AGF, 2022 WL 2904141, at *1 (E.D. Mo. July 22, 2022) (declining to dismiss where the plaintiff had alleged that the retailer was aware of the dangerous and defective design and failed to warn); *McMahon v. Robert Bosch Tool Corp*, No. 4:18-CV-583 CAS, 2018 WL 3036455 (E.D. Mo. June 19, 2018) (same).

Defendants do not argue that failure to properly service a vehicle or failure to warn of a defect are not negligence claims under Missouri law, but rather they argue that Plaintiff's allegations are insufficient and/or Plaintiff does not have proof to establish these two claims. With regard to the failure to warn claim, Defendants contend that Plaintiff's Petition only contains conclusory allegations of general and unspecified knowledge Defendant Seeger Toyota supposedly possessed and,

10

therefore, Plaintiff has not sufficiently alleged a failure to warn claim against Defendant Seeger Toyota.

As for Plaintiff's claim based on Defendant Seeger Toyota's alleged failure to properly service the driver's seat, Defendants argue that Plaintiff does not have proof of this as the case. In support of their argument, Defendants point to Seeger Toyota's service records for the Subject Toyota, which were attached to the Removing Defendants' Notice of Removal. Defendants argue that the service records show that that driver's seat was serviced, but the records prove Defendant Seeger Toyota merely coordinated the installation of the heated driver seat and leather trim and another company did the work.

In support of their argument, Defendants also point to a declaration executed by the Removing Defendants' outside mechanical engineering consultant, Samuel White, who inspected the Subject Toyota following the collision. The Removing Defendant attached Mr. Smith's declaration to the Notice of Removal. Defendants contend that Mr. Smith's declaration proves that there were no structural changes to the seats as a result of the installation of the leather trim and heating and, therefore, the service and installation "would not have played a role in causing the claimed failure of the seat in the Subject Incident or Decedent's injuries." (ECF No. 40 at

11

9). Defendants argue that Plaintiff's failure to provide proof to refute this evidence should be dispositive of Plaintiff's Motion to Remand.

It appears Defendants fundamentally misunderstand the parties' respective burdens and the standard the Court is to employ for determining whether a party has been fraudulently joined. Defendants have the burden to show "under governing state law that the complaint does not state a cause of action against the non-diverse defendant." *Filla*, 336 F.3d at 810. While the standard uses the term "state a cause of action," the Eighth Circuit has held that a defendant's burden to show fraudulent joinder is more stringent than the dismissal standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Knudson*, 634 F.3d at 980. Furthermore, the Eighth Circuit has instructed that a district court is "not [to] focus on the artfulness of the plaintiff's pleading," and because fraudulent joinder is jurisdictional, a district court does not have the authority to decide the merits of a case. *Id.*

Here, Defendants are asking the Court to find Defendant Seeger Toyota was fraudulently joined because Plaintiffs cannot prove that Seeger Toyota is liable for negligence, which is a standard well beyond even the Rule 12(b)(6) standard. In fact, they are asking the Court to make a merits determination by considering and weighing evidence outside the pleadings – something more akin to a Rule 56 motion for summary judgment. Defendants go so far as to propose that the Court adopt their

expert's opinion as to causation, despite the fact that disclosures and discovery has not even started in this case. Defendants essentially are requesting that the Court ignore the Plaintiff's Petition and adopt their version of the facts "which misapprehends the Court's ability to resolve factual disputes at this juncture.... [T]he Court must have jurisdiction before it can address (much less attempt to resolve) competing factual averments." *Lillis v. Whole Foods Mkt. Grp., Inc.*, No. 19-00783-CV-W-BP, 2019 WL 13207479, at *2 (W.D. Mo. Dec. 3, 2019) (quoting *Caulfield v. SIG-Mo, LLC,* No. 15-0039-CV-W-ODS, 2015 WL 874863, at *1 (W.D. Mo. Mar. 2, 2015)). The Court declines to consider Defendants' outside evidence in determining whether Defendant Seeger Toyota was fraudulently joined in this suit.

Reviewing the Petition, the Court finds for purposes of Plaintiff's Motion to Remand, that Plaintiff has made colorable claims of negligence against Defendant Seeger Toyota for failure to warn the Decedent of a known or reasonably knowable defect in the driver's seat or, alternatively, for failure to service properly the vehicle's driver's seat[6] The Court concludes Defendant Toyota Seeger was not fraudulently joined, because it is arguable that Missouri state law might impose liability against this non-diverse defendant for negligence. Complete diversity of

---

[6]In addition to declining to review outside evidence, the Court expresses no opinion as whether Plaintiff's allegations against Defendant Seeger Toyota meet the pleading standard of Rule 12(b)(6).

citizenship does not exist and, therefore, the Court does not have subject matter jurisdiction over this action. The Court remands this cause of action to state court pursuant to 28 U.S.C. § 1447(c).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand is **GRANTED**. [ECF No. 36]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of the City of St. Louis, Missouri.  An appropriate Order of Remand will accompany this order.

Dated this 4th day of October, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE